47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin MERCADO, Defendant-Appellant.
 No. 94-3976.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1995.
 
 1
 Before: RYAN and SILER, Circuit Judges; and MILES, District Judge.*
 
 ORDER
 
 2
 Edwin Mercado, a pro se federal prisoner, appeals a district court order denying his motion to order his attorney to release a copy of Mercado's file. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Mercado pleaded guilty to one count of conspiracy to distribute cocaine and one count of conspiracy to launder money pursuant to a Rule 11 plea agreement. The district court sentenced him on January 5, 1994, to 108 months in prison and three years of supervised release in accordance with the terms of the plea agreement. Judgment was entered on January 6, 1994.
 
 
 4
 On August 29, 1994, Mercado filed a motion requesting the district court to order his trial attorney to provide him with a complete copy of the attorney's office file in his case. He stated that he needed the file to prepare a motion to vacate under 28 U.S.C. Sec. 2255. The district court denied the motion on August 31, 1994, in a marginal order.
 
 
 5
 On appeal, Mercado argues that he has a due process right to a copy of his complete file as compiled by his attorney under the Freedom of Information Act (FOIA) and Privacy Act, 5 U.S.C. Secs. 552 and 552a.
 
 
 6
 Upon review, we affirm the district court's order because Mercado's right to the release of documents under the FOIA is limited to those documents held by an agency of the U.S. government. It is initially noted that the district court's marginal order makes no findings and gives no reason for the denial of Mercado's motion. Nonetheless, because the record conclusively shows that Mercado is not entitled to relief, a remand for findings of fact and conclusions of law is unnecessary.
 
 
 7
 The district court properly determined that Mercado was not entitled to relief under the FOIA. The FOIA, by its terms, applies only to government agencies: "Each agency shall make available to the public information as follows: ..." 5 U.S.C. Sec. 552(a) (emphasis added). "Agency" is defined in Sec. 551(1) as "each authority of the Government of the United States," and is further defined in Sec. 552(f):
 
 
 8
 For purposes of this section, the term "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment of the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.
 
 
 9
 Mercado's retained defense counsel is clearly not an agency or a member of an agency within the meaning of the FOIA. See Forsham v. Harris, 445 U.S. 169, 178-82 (1980). Thus, the FOIA is inapplicable to Mercado's request. The Privacy Act, which places conditions on disclosure, is subject to the same definition of agency found in Sec. 551(1).
 
 
 10
 Moreover, Mercado acknowledges that his attorney had already sent him copies of all motions made on his behalf and other documents to which he was entitled; in addition, counsel is willing to send him a copy of his entire "voluminous" file for a $50 fee. Thus, it appears that what Mercado actually seeks is a free copy of his attorney's office file relating to his case. He apparently does not realize that receipt of records under the FOIA is not free, but is subject to a reasonable document search and duplication fee. 5 U.S.C. Sec. 552(a)(4)(A).
 
 
 11
 Finally, Mercado's assertion that his attorney's failure to give him a free copy of his file violates his right to due process is baseless. The Due Process Clause applies to action by the state. Just as his retained defense counsel is not an agency of the federal government, he is not an agent of the state government. Nor does counsel's $50 fee deprive Mercado of access to the courts. He remains free to file his Sec. 2255 motion in federal district court and request in forma pauperis status and any documents necessary to support his action at that time.
 
 
 12
 Accordingly, the district court's order, issued on August 31 and entered on September 2, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation